**TEXAS & N. O. R. CO. v. BALDWIN et al.\***

No. 6579.

Circuit Court of Appeals, Fifth Circuit.

Feb. 24, 1933.

*Rehearing denied April 4, 1933.

John C. Robertson, of Dallas, Tex., for appellant.

A. L. Reed, of Dallas, Tex., for appellees.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Appellant collected from appellees $15 on each of three carload shipments of vegetables from points in California to Houston, Tex., as a service charge for transporting ice which was placed in the body of the car by the shipper at the point of origin. Appellees sued and recovered judgment in the trial court for $45, with interest. Appellant seeks reversal of the judgment on the ground that the amounts which it collected were correct since they were authorized by rule 242 of Special Rules governing standard refrigeration service and charges. Subdivision (A) of the rule just referred to provides that, on shipments of vegetables originating in California and other western states, shippers will be "permitted to place in the body of the car, at point of origin, a maximum of 9,600 pounds of ice (not including ice in the packages with the freight) on straight or mixed carload shipments of cauliflower, broccoli, faba beans and/or peas, or shipments of cauliflower, broccoli, faba beans and/or peas, mixed with other vegetables, but only when the weight of the cauliflower, broccoli, faba beans and/or peas is equal to the minimum weight prescribed in tariffs on file with the Interstate Commerce Commission. A maximum of 7,500 pounds of ice (not including ice in the

packages with the freight) on other vegetables in straight or mixed carloads, exclusive of cauliflower, broccoli, faba beans and/or peas." Each of the three shipments here involved contained a substantial quantity of cauliflower and vegetables other than broccoli, faba beans or peas but in no one of the cars was there a minimum load of cauliflower. Appellees concede that, if rule 242 was applicable, appellant charged and collected the correct amount; but they contend that these shipments fell under section 2 of rule 32, Western Classification No. 60, which, "except as otherwise provided," provides that, "when ice or other preservative is loaded in body of car, for protection of the freight, provided the rules of the carriers permit such loading, no charge will be made for its transportation," etc. The whole argument in support of this contention is that it was not "otherwise provided" in rule 242 because the shipments consisted neither of cauliflower, broccoli, faba beans, or peas, exceeding the minimum weight prescribed for a carload, nor of other vegetables "exclusive of" cauliflower, etc. In short, the position of appellees is that, because some cauliflower was contained in each car, no charge was authorized for the transportation of top ice.

The argument loses whatever plausibility it might have if the word "exclusive" were alone held in view when the rule in which that word appears is considered as a whole. That rule is one of the special rules governing refrigeration service and charges in handling shipments of vegetables with ice in the body of the car. It separates vegetables into two classes. In the first class are placed four kinds of vegetables, for the preservation of which 9,600 pounds of ice are permitted, provided the weight of those vegetables is equal to the minimum weight of 20,000 pounds prescribed for a carload. In the second class are placed all other vegetables considered less perishable, for the preservation of which 7,500 pounds of ice per minimum carload are permitted. The words of exclusion used in providing for servicing the second class show that the maximum of 7,500 pounds of ice is not to apply when the weight of the vegetables of the first class contained in the shipment equals the minimum weight prescribed for a carload. For each class the same charge for refrigeration is made. The second class was clearly intended to include all vegetables other than those for the preservation of which the higher maximum of 9,600 pounds of ice was permitted to be used. In our opinion, the rule cannot fairly be construed to mean that a charge for top ice

would be made if, for example, a car should contain a minimum load of 20,000 pounds of cauliflower and 10,000 pounds of lettuce, but would not be made if it should contain a few pounds less of cauliflower and the same quantity of lettuce. Our conclusion is that the rule invoked by appellant was applicable to the shipments in question.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.